UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sandipan Chowdhury and Booth Sweet, LLP, | Case Nos. 18-cv-3403, 19-cv-0156 (WMW) |
| Appellants, | **ORDER** |
| v. | |
| Paul Hansmeier, | |
| Appellee. | |

In these related bankruptcy matters, Appellants Sandipan Chowdhury and Booth Sweet, LLP, appeal the December 13, 2018 and January 9, 2019 orders of the United States Bankruptcy Court for the District of Minnesota, which held Appellants in contempt of court and ordered a monetary civil contempt sanction against Appellants for failing to comply with multiple post-judgment orders. Also pending before this Court is the bankruptcy court's January 14, 2019 Report and Recommendation (R&R), which recommends the issuance of arrest warrants for Appellant Sandipan Chowdhury and the partners of Appellant Booth Sweet, LLP—namely, Jason Sweet and Dan Booth—as a civil contempt sanction. For the reasons addressed below, the bankruptcy court's December 13, 2018 and January 9, 2019 orders are affirmed in part and vacated in part; the bankruptcy court's January 14, 2019 R&R is adopted in part; warrants for the arrest of Sandipan Chowdhury, Jason Sweet, and Dan Booth are hereby issued; and this matter is remanded to the bankruptcy court for further proceedings consistent with this Order.

## BACKGROUND

In the underlying adversary proceeding, the bankruptcy court granted summary judgment to Appellee Paul Hansmeier on March 7, 2018, in the amount of $71,620.90. This Court subsequently affirmed the bankruptcy court's summary judgment order. Because the R&R provides a detailed factual and procedural background, the Court only briefly summarizes the relevant post-judgment litigation that has occurred to date.

Hansmeier served Appellants with judgment-enforcement discovery requests, including interrogatories and requests for production, on March 26, 2018. After this Court denied Appellants' motion to stay execution of the judgment, Hansmeier filed a motion to compel Appellants' compliance with judgment-enforcement discovery. The bankruptcy court granted Hansmeier's motion to compel on August 21, 2018, ordering Appellants to produce discovery responses within 14 days or risk the imposition of a daily civil contempt sanction of $250. Hansmeier filed an affidavit of noncompliance on October 10, 2018, and the bankruptcy court issued an order to show cause why civil contempt sanctions against Appellants should not be imposed. At the October 24, 2018 show-cause hearing, the bankruptcy court found that Hansmeier's discovery requests were signed and properly served on Appellants, Hansmeier is entitled to seek the post-judgment discovery at issue, Appellants waived their right to object to Hansmeier's discovery requests, and Appellants did not meaningfully respond to Hansmeier's discovery requests. Consequently, in an October 24, 2018 order, the bankruptcy court held Appellants in contempt and imposed a daily civil contempt sanction of $250 to commence within 48 hours unless Appellants purged their contempt. Appellants did not appeal the October 24, 2018 order.

Hansmeier filed a motion for contempt on November 21, 2018, asserting that Appellants failed to comply with the October 24, 2018 order. In response, Appellants acknowledged their ongoing noncompliance with the bankruptcy court's orders and sought to relitigate issues previously decided by the bankruptcy court. Following a hearing, the bankruptcy court found that Appellants had failed to comply with the August 21, 2018 and October 24, 2018 orders and had not shown that their compliance with either order was impossible. In a December 13, 2018 order, the bankruptcy court required Appellants to (1) produce to Hansmeier the names of Appellants' financial institutions along with corresponding addresses and account numbers, (2) produce to Hansmeier all remaining discovery responses, with any asserted objections removed, and (3) pay the accrued civil contempt sanctions to the Chapter 7 Trustee. The bankruptcy court also ordered that, if Appellants failed to comply with the foregoing requirements, the daily civil contempt sanction would increase from $250 to $1,000 beginning on December 18, 2018. Appellants timely appealed the December 13, 2018 order.

Hansmeier filed a declaration of noncompliance on December 18, 2018, asserting that Appellants had not complied with any aspect of the December 13, 2018 order. The bankruptcy court ordered Appellants to show cause why they should not be subject to increased civil contempt sanctions, including arrest, for their continued failure to comply. At a subsequent hearing on the order to show cause, Appellants again acknowledged their noncompliance with the bankruptcy court's orders and advised the bankruptcy court that they do not intend to comply, arguing that their actions are substantially justified. In its January 9, 2019 order, the bankruptcy court found that Appellants remain in contempt of

3

court and ordered them to purge their contempt no later than January 11, 2019, absent which the bankruptcy court would recommend imprisonment as a coercive civil sanction. Appellants timely appealed the January 9, 2019 order.

The bankruptcy court issued the pending R&R on January 14, 2019, recommending the issuance of arrest warrants for Sandipan Chowdhury, Jason Sweet, and Dan Booth as a civil contempt sanction, and that these individuals be held in custody until Appellants purge themselves of their contempt. The appeals of the bankruptcy court's December 13, 2018 and January 9, 2019 orders are fully briefed, as are Appellants' objections to the January 14, 2019 R&R. The Court addresses each, in turn, below.

## ANALYSIS

In bankruptcy proceedings, a district court sits as an appellate court and reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *First State Bank of Roscoe v. Stabler*, 914 F.3d 1129, 1136 (8th Cir. 2019); *In re Reynolds*, 425 F.3d 526, 531 (8th Cir. 2005). A bankruptcy court's discovery and contempt orders are reviewed for an abuse of discretion. *See Gagnon v. Sprint Corp.*, 284 F.3d 839, 855 (8th Cir. 2002); *Koehler v. Grant*, 213 B.R. 567, 570 (B.A.P. 8th Cir. 1997). A bankruptcy court abuses its discretion if it fails to apply the proper legal standard or relies on clearly erroneous findings of fact. *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008).

Appellants argue that the bankruptcy court erred by ordering sanctions against them in its December 13, 2018 and January 9, 2019 orders. According to Appellants, the bankruptcy court abused its discretion in three ways, by premising its contempt findings on the waiver of discovery objections, ordering monetary sanctions against Appellants, and

4

disregarding Appellants' argument that their contempt was substantially justified. Appellants also contend that the bankruptcy court lacked jurisdiction to issue the January 9, 2019 order while the December 13, 2018 order was pending appeal. Hansmeier counters that the bankruptcy court's December 13, 2018 and January 9, 2019 orders are not erroneous, and this Court lacks jurisdiction to review the rulings that Appellants did not timely appeal.

## I. Scope of Jurisdiction

The Court begins its analysis by addressing the scope of its jurisdiction over the issues presented in these appeals. A district court has jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy court within its judicial district. 28 U.S.C. § 158(a). Such an appeal must be filed within 14 days after the entry of the judgment, order, or decree being appealed, "in the same manner as appeals in civil proceedings generally." *Id.* § 158(c)(2); *see also* Fed. R. Bankr. P. 8002(a)(1). A post-judgment contempt order is a final and appealable order. *See In re Kujawa*, 323 F.3d 628, 630 (8th Cir. 2003) (observing that a bankruptcy court's post-judgment order holding a party in contempt for failing to comply with discovery order is final and appealable); *see also ABC, Inc. v. Nameloc, Inc.*, 403 F.3d 607, 611 (8th Cir. 2005) (holding that appellant waived issues asserted in untimely appeal from contempt order). And a federal court lacks jurisdiction to review a final and appealable bankruptcy court order that is untimely appealed. *See In re Delta Eng'g Int'l, Inc.*, 270 F.3d 584, 586 (8th Cir. 2001) (affirming dismissal of untimely appeal from bankruptcy court order for lack of jurisdiction).

5

In their appeals of the bankruptcy court's December 13, 2018 and January 9, 2019 orders, Appellants challenge aspects of the bankruptcy court's October 24, 2018 order and related earlier rulings. Although Appellants contend that they could not appeal the October 24, 2018 order because the bankruptcy court did not impose sanctions at that time, this argument is unsupported the record.[1] The bankruptcy court clearly and unequivocally held Appellants in contempt and ordered sanctions against them at the October 24, 2018 hearing, which included a specific daily sanction amount and an opportunity for Appellants to purge their contempt. As such, the cases on which Appellants rely, which involve the threat of sanctions that had not been imposed, are inapposite. *See Olson v. United States*, 872 F.2d 820, 821 (8th Cir. 1989); *In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 881-82 (D. Minn. 2012). Also, Appellants cite no legal authority for the proposition that a post-judgment civil contempt order is not final merely because the bankruptcy court delays the effective date of the sanction by 48 hours to provide the contemnors an opportunity to purge their contempt, as the bankruptcy court did here.

---

[1] Appellants assert that the bankruptcy court "did not impose a sanction—instead, if Appellee filed an affidavit of non-compliance, the court would schedule a further, continued hearing on the matter." To the contrary, at the October 24, 2018 hearing, the bankruptcy court held that "defendants are subject to a coercive civil contempt sanction of $250 per day of noncompliance" that "will be enforced beginning 48 hours from entry of the Court's order on this matter." The bankruptcy court's written order, issued later that day, includes nearly identical language. Nothing in the record supports the contention that an affidavit of non-compliance from Hansmeier, an additional hearing, or both were prerequisites to the daily civil contempt sanction taking effect. Indeed, the bankruptcy court ordered *Appellants* to file an affidavit confirming their *compliance*.

Appellants also advance equitable arguments pertaining to Hansmeier's alleged procedural errors and misconduct, both in this case and in other matters. But Hansmeier's conduct is not relevant here, because it neither excuses Appellants' conduct nor permits this Court to ignore jurisdictional requirements. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (stating that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and federal courts have "no authority to create equitable exceptions to jurisdictional requirements"). Appellants' equitable arguments, therefore, are unavailing.

Because Appellants did not appeal the bankruptcy court's October 24, 2018 contempt order, this Court lacks jurisdiction to review that order or any underlying earlier rulings by the bankruptcy court.[2] Accordingly, this Court limits its review to the issues that pertain to the bankruptcy court's December 13, 2018 and January 9, 2019 orders.

## II.    December 13, 2018 Contempt Order

Appellants argue that the bankruptcy court abused its discretion when it ordered a daily civil contempt sanction of $1,000 because the bankruptcy court did not consider the appropriate factors and it ordered the sanction payable to the Chapter 7 Trustee rather than to the court. Appellants also contend that there is no basis in the record to characterize the sanction as compensatory rather than coercive. These errors, Appellants maintain, establish that the sanction effectively is criminal in nature and, therefore, improper.

---

[2] In particular, the issues over which this Court lacks jurisdiction include the bankruptcy court's imposition of a daily civil contempt sanction of $250, the bankruptcy court's ruling that Appellants waived their discovery objections, and the alleged procedural deficiencies with respect to Hansmeier's discovery requests and subsequent motions.

7

"A bankruptcy court has statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (quoting 11 U.S.C. § 105(a)). And a bankruptcy court possesses "inherent power . . . to sanction abusive litigation practices." *Id.* at 421 (internal quotation marks omitted); *accord In re Reed*, 888 F.3d 930, 936 (8th Cir. 2018) (acknowledging that "the bankruptcy court had authority to enter sanctions for events that occurred while trying to enforce" its orders); *In re Steward*, 828 F.3d 672, 686 (8th Cir. 2016) (recognizing bankruptcy court's authority to issue civil contempt sanctions for noncompliance with discovery orders). When a party with knowledge of a court's order violates a definite and specific requirement of that order to perform or refrain from performing particular acts, that party commits contempt. *In re Reed*, 888 F.3d at 936.

It is undisputed that the bankruptcy court had the authority to impose a civil contempt sanction. It also is undisputed that Appellants committed contempt of court. Appellants concede that they *intentionally* violated the bankruptcy court's orders, but maintain that, because those orders were incorrectly decided, their contempt is "substantially justified." When, as here, there is clear and convincing evidence that the alleged contemnors violated a court order, the burden shifts to the alleged contemnor to show an inability to comply. *Chi. Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). The bankruptcy court found that it is unlikely that Appellants are unable to comply. And even if they were, the bankruptcy court reasoned, such inability is "completely self-induced." As such, the bankruptcy court found that Appellants "failed to make all reasonable efforts to comply in good faith." On appeal, Appellants do not directly

challenge these findings, which are amply supported by the record. For this reason, the only disputed issue before this Court is whether the bankruptcy court abused its discretion when, in its December 13, 2018 order, the bankruptcy court increased the daily monetary sanction from $250 to $1,000 and ordered the sanction payable to the Chapter 7 Trustee.[3]

Civil contempt may be employed to coerce a contemnor into compliance with a court order, to compensate the opposing party for losses sustained as a result of the contemnor's conduct, or both. *Id.* When a sanction is designed to coerce a contemnor into compliance, the sanction should be payable to the court, not to the opposing party. *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1224 (8th Cir. 2006) (citing *Hicks ex rel. Feiock v. Feiock*, 485 U.S. 624, 632 (1988)). And a court should determine the amount of a monetary coercive civil sanction only after considering certain factors, namely, " 'the character and magnitude of the harm threatened by continued contumacy,' 'the probable effectiveness of any suggested sanction in bringing about the result desired,' and 'the amount of [the contemnor's] financial resources and the consequent seriousness of the burden' to that particular party." *Id.* (quoting *United States v. United Mine Workers*, 330 U.S. 258, 304 (1947)).

Here, the daily nature of the bankruptcy court's sanction suggests that it was designed to coerce compliance rather than compensate the bankruptcy estate. But because

---

3    As addressed in Part I of this Order, this Court lacks jurisdiction to review whether the bankruptcy court abused its discretion when it ordered a daily civil contempt sanction of $250 on October 24, 2018. For this reason, that daily sanction remains in effect. This Court limits its review to whether the bankruptcy court abused its discretion when it *increased* the daily sanction to $1,000 and ordered the sanction payable to the Chapter 7 Trustee rather than to the court.

9

the bankruptcy court made the sanction payable to the Chapter 7 Trustee, the record is unclear as to whether the sole purpose of the sanction is coercion. Moreover, the bankruptcy court did not explain whether it considered the *United Mine Workers* factors relevant to determining the appropriate sanction amount or how it arrived at the increased daily amount of $1,000. As such, these aspects of the bankruptcy court's December 13, 2018 order must be vacated. *See Chaganti & Assocs.*, 470 F.3d at 1224-25 (vacating sanction order in analogous circumstances and remanding for further proceedings).

Accordingly, the bankruptcy court's December 13, 2018 order is vacated *in part*, namely, to the extent that the order increases the daily civil sanction amount to $1,000 and orders the sanction payable to the Chapter 7 Trustee. The December 13, 2018 order is affirmed in all other respects.

### III. January 9, 2019 Contempt Order

Appellants also argue that the bankruptcy court lacked jurisdiction to issue the January 9, 2019 order because the appeal of the bankruptcy court's December 13, 2018 order was pending in this Court at that time. According to Hansmeier, the bankruptcy court retained jurisdiction to enforce its prior orders notwithstanding the pending appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *accord Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998). But this jurisdictional transfer principle is not absolute, and certain exceptions apply. *See State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). One such

exception applies when the court from which the appeal has been taken is supervising "a continuing course of conduct between the parties." *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996). In those circumstances, a court "retain[s] the jurisdiction necessary to enforce its contempt order" even when an appeal of the contempt order is pending. *Id.* "Another well-established exception to the general rule of jurisdictional divestiture" is that, notwithstanding an appeal, a court "retains jurisdiction to the extent necessary to enforce its judgment which has not been stayed." *Id.* at 375-76.

Here, both exceptions apply. The bankruptcy court is supervising a continuing course of conduct between the parties—namely, post-judgment discovery and Appellants' compliance with post-judgment orders. Moreover, Appellants' motions to stay both the judgment against them and the bankruptcy court's December 13, 2018 order were denied. As such, the appeal of the December 13, 2018 order did not divest the bankruptcy court of the jurisdiction necessary to enforce its judgment and other post-judgment orders.[4]

Although the bankruptcy court retains jurisdiction to enforce its judgment and post-judgment orders, the January 9, 2019 order largely restates the substance of the December 13, 2018 order. In particular, the January 9, 2019 order provides Appellants direction as to how they can purge their ongoing contempt, including but not limited to compliance with terms that are consistent with the December 13, 2018 order. For this reason, the January 9, 2019 order must be vacated in part, namely, to the extent that it relies on, and orders compliance with, the vacated aspects of the December 13, 2018 order.

---

[4] For these reasons, the bankruptcy court also retained jurisdiction to issue the January 14, 2019 R&R, which is addressed below in Part IV of this Order.

Accordingly, the bankruptcy court's January 9, 2019 order is affirmed in part and vacated in part.

## IV. January 14, 2019 Report and Recommendation

The bankruptcy court's January 14, 2019 R&R recommends the issuance of arrest warrants for Sandipan Chowdhury, Jason Sweet, and Dan Booth as a civil contempt sanction and recommends holding these individuals in custody until Appellants purge themselves of their contempt. Appellants filed timely objections to the R&R. A district court reviews de novo those aspects of a bankruptcy court's R&R to which timely objections have been filed. 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(d). The district court "may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions." Fed. R. Bankr. P. 9033(d).

Federal courts have the inherent authority to fashion appropriate means to coerce a litigant, or a non-party who is responsible for a litigant's actions, to remedy noncompliance with a court order. *See Chi. Truck Drivers*, 207 F.3d at 505-07. If contempt is established by clear and convincing evidence, the contemnor must demonstrate an inability to comply by (1) explaining the inability in categorical detail, (2) establishing that the inability was not self-induced, and (3) demonstrating a good-faith effort to comply. *Id.* at 505-06. As addressed above, it is undisputed that Appellants have failed to comply with the bankruptcy court's post-judgment orders. And Appellants have not demonstrated an inability to comply, nor do they challenge the bankruptcy court's findings that their noncompliance is

"completely self-induced" and that they "failed to make all reasonable efforts to comply in good faith." As such, a coercive civil contempt sanction against Appellants is warranted.

A coercive civil contempt sanction is designed to be avoidable through obedience, and imprisonment may be imposed to secure compliance in appropriate circumstances. *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994); *Coleman v. Espy*, 986 F.2d 1184, 1190 (8th Cir. 1993) (observing that a coercive civil contempt sanction may include "fines or incarceration to force the offending party to comply with the court's order"); *Klett v. Pim*, 965 F.2d 587, 590 (8th Cir. 1992) (recognizing that contemnors have "the power to end the sanction by purging themselves of contempt, i.e., complying with the order"). When fashioning a sanction to secure compliance, courts exercise their discretion after considering "the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired."[5] *United Mine Workers*, 330 U.S. at 304; *accord Taylor v. Finch*, 423 F.2d 1277, 1279 (8th Cir. 1970) (observing that a court imposing a contempt sanction "must exercise the least possible power adequate to the end proposed" (internal quotation marks omitted)).

Despite receiving multiple opportunities to comply with the bankruptcy court's orders and purge their contempt, Appellants have persisted in willfully disregarding the bankruptcy court's orders. When it granted Hansmeier's motion to compel on August 21, 2018, the bankruptcy court warned Appellants that their failure to comply might result in

---

[5] A third consideration—the financial resources of the contemnor and the consequent seriousness of the burden of a fine—is relevant only to a monetary sanction, which is not recommended by the R&R here. *See United Mine Workers*, 330 U.S. at 304.

a daily coercive civil contempt sanction of $250. Appellants nonetheless failed to respond meaningfully to Hansmeier's discovery requests and failed to demonstrate an inability to comply.[6] On October 24, 2018, the bankruptcy court found that Appellants were in contempt of court, gave Appellants specific instructions as to how they could purge their contempt, and ordered a daily sanction of $250. Again, Appellants failed to comply and began to incur monetary sanctions. Although Appellants did not appeal the bankruptcy court's October 24, 2018 order, for months thereafter they intentionally ignored and attempted to relitigate the bankruptcy court's rulings after they had become final. When given another opportunity in December 2018 to comply, under threat of a more serious sanction, Appellants continued to deliberately ignore the bankruptcy court's orders and attempted to relitigate issues that the bankruptcy court had decided. At the January 9, 2019 hearing, Appellants acknowledged that they have willfully incurred contempt sanctions and advised the bankruptcy court that they do not intend to comply with its orders, even under threat of incarceration.

"One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." *Chi. Truck Drivers*, 207 F.3d at 504. "The Supreme Court has observed that, without the contempt power, 'what the Constitution now fittingly calls the judicial power

---

[6] Notably, the bankruptcy court addressed Appellants' concerns about Hansmeier's potential misuse of their information, ordering that "no discovery produced by the [Appellants] pursuant to this order shall be used by [Hansmeier] for any purposes other than to enforce [Hansmeier's] judgment in this adversary proceeding." Appellants nonetheless persisted in their refusal to comply with the bankruptcy court's orders.

of the United States would be a mere mockery.' " *Id.* (quoting *United Mine Workers*, 330 U.S. at 290 n.56 (internal quotation marks omitted)). Appellants' persistent and willful disregard for the bankruptcy court's orders reflects a flagrant disrespect for the bankruptcy court and a mockery of the judicial power of the United States. Despite multiple opportunities to purge their contempt, the imposition of monetary sanctions, and the threat of more serious sanctions including incarceration, Appellants remain steadfast in their refusal to comply. It is apparent that increased monetary sanctions are unlikely to garner Appellants' attention and secure their compliance. Under these circumstances, confinement is the appropriate remedy.

Appellants' objections to the R&R largely dispute the propriety of the bankruptcy court's prior post-judgment orders and rulings. But for the reasons addressed in Parts I-III of this Order, these arguments do not warrant rejecting the R&R. This Court lacks jurisdiction to address any challenge to the October 24, 2018 order or the rulings underlying that order because Appellants did not file a timely appeal of that order. And although portions of the December 13, 2018 and January 9, 2019 orders are vacated for the reasons addressed above, it does not follow that the R&R is erroneous. Indeed, Appellants' brazenly contemptuous conduct persisted for months before and after the bankruptcy court's December 13, 2018 and January 9, 2019 orders and involved the willful disregard of multiple other orders. The seriousness of Appellants' contempt is not mitigated by the fact that some aspects of the bankruptcy court's orders have now been vacated. Therefore, Appellants' objections to the R&R are overruled to the extent that they merely reiterate Appellants' disagreements with the bankruptcy court's prior orders and rulings.

15

Appellants' remaining objection to the R&R is that their contempt is "substantially justified" under Federal Rule of Civil Procedure 37. If a court grants a motion to compel discovery responses, the court must require the party whose conduct necessitated the motion, their attorney, or both to pay the movant's reasonable expenses and attorneys' fees incurred in making the motion, unless the nondisclosure "was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Similarly, if a court orders sanctions against a party that fails to obey a discovery order, the court also "must order the disobedient party, the attorney advising that party, or both" to pay the reasonable expenses and attorneys' fees caused by the failure, "unless the failure was substantially justified." Fed. R. Civ. P. 37(b)(2)(C). Here, the bankruptcy court has not ordered Appellants to pay Hansmeier's reasonable expenses or attorneys' fees. Rather, the bankruptcy court ordered a coercive monetary sanction and recommended confinement. The exceptions in Rule 37 for conduct that is "substantially justified" are inapplicable here. Appellants offer no legal basis for applying the "substantially justified" exception to the imposition of either a coercive monetary sanction or incarceration. Appellants' objection to the R&R on this basis is overruled.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The bankruptcy court's December 13, 2018 and January 9, 2019 orders are **AFFIRMED IN PART AND VACATED IN PART** as addressed herein.

2. Appellants Sandipan Chowdhury and Booth Sweet, LLP's objections to the bankruptcy court's January 14, 2019 R&R are **OVERRULED**.

16

3. The bankruptcy court's January 14, 2019 R&R, (Dkt. 20), is **ADOPTED IN PART** as follows:

   a. Appellants Sandipan Chowdhury and Booth Sweet, LLP, are **HELD IN CONTEMPT** for failure to comply with the bankruptcy court's post-judgment orders.

   b. Warrants for the arrest of Appellant Sandipan Chowdhury and the partners of Appellant Booth Sweet, LLP—namely, Jason Sweet and Dan Booth—are hereby issued. The United States Marshals Service shall execute the warrants for the arrest of Sandipan Chowdhury, Jason Sweet, and Dan Booth.

   c. Sandipan Chowdhury, Jason Sweet, and Dan Booth shall remain under arrest until they purge themselves of their contempt by complying with the bankruptcy court's post-judgment orders, as modified by this Order.

   d. Appellants shall not change financial institutions or transfer funds for purposes of avoiding Appellee Paul Hansmeier's judgment.

4. This matter is **REMANDED** to the bankruptcy court for further proceedings consistent with this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 25, 2019 
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge